(Slip Opinion) OCTOBER TERM, 2011 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## GREENE, AKA TRICE *v.* FISHER, SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT SMITHFIELD, ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 10–637.  Argued October 11, 2011—Decided November 8, 2011

During petitioner Greene's trial for murder, robbery, and conspiracy, the prosecution introduced the redacted confessions of two of Greene's nontestifying codefendants.  A jury convicted Greene.  The Pennsylvania Superior Court upheld the conviction, reasoning that the rule announced in *Bruton* v. *United States*, 391 U. S. 123, did not apply because the confessions were redacted to remove any specific reference to Greene.  While Greene's petition to the Pennsylvania Supreme Court was pending, this Court announced in *Gray* v. *Maryland*, 523 U. S. 185, that *Bruton* does apply to some redacted confessions.  The Pennsylvania Supreme Court declined to hear Greene's appeal, and he then sought federal habeas relief.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant such relief to a state prisoner on any claim that has been "adjudicated on the merits in State court proceedings" unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U. S. C. §2254(d)(1).  Here, the District Court concluded that, because the United States Supreme Court's opinion in *Gray* had not yet been issued when the Pennsylvania Superior Court adjudicated Greene's claim, the condition for granting habeas relief had not been met.  The Third Circuit affirmed.

*Held*:

   1. Under §2254(d)(1), "clearly established Federal law, as determined by the Supreme Court of the United States" includes only this

Court's decisions as of the time of the relevant state-court adjudication on the merits. The Court's decision last Term in *Cullen* v. *Pinholster*, 563 U. S. \_\_\_, established that §2254(d)(1)'s "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.,* at \_\_\_. As the Court explained in *Cullen*, §2254(d)(1) requires federal courts to measure state-court decisions "against this Court's precedents as of 'the time the state court renders its decision.'" *Id.,* at \_\_\_. That reasoning determines the result here. Pp. 3–6.

2. Because the Pennsylvania Superior Court's decision—the last state-court adjudication on the merits of Greene's claim—predated *Gray* by nearly three months, the Third Circuit correctly held that *Gray* was not "clearly established Federal law" against which it could measure the state-court decision. It therefore correctly concluded that the state court's decision neither was "contrary to," nor "involved an unreasonable application of," any "clearly established Federal law." Pp. 6–7.

606 F. 3d 85, affirmed.

SCALIA, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 10–637

ERIC GREENE, AKA JARMAINE Q. TRICE, PETI-
TIONER *v.* JON FISHER, SUPERINTENDENT,
STATE CORRECTIONAL INSTITUTION AT
SMITHFIELD, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

[November 8, 2011]

JUSTICE SCALIA delivered the opinion of the Court.

Under the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), a federal court may not grant habe-
as relief to a state prisoner with respect to any claim that
has been "adjudicated on the merits in State court pro-
ceedings" unless the state-court adjudication "resulted in a
decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as deter-
mined by the Supreme Court of the United States." 28
U. S. C. §2254(d)(1). We consider whether "clearly estab-
lished Federal law" includes decisions of this Court that
are announced after the last adjudication of the merits in
state court but before the defendant's conviction becomes
final.

I

In December 1993, petitioner Eric Greene and four
co-conspirators robbed a grocery store in North Philadel-
phia, Pennsylvania. During the robbery, one of the men
shot and killed the store's owner. The five were appre-

hended, and two of them confessed to taking part in the robbery. Greene did not confess, but he was implicated by the others' statements.

When the Commonwealth sought to try all of the co-conspirators jointly, Greene sought severance, arguing, *inter alia*, that the confessions of his nontestifying code-fendants should not be introduced at his trial. The trial court denied the motion to sever, but agreed to require redaction of the confessions to eliminate proper names. As redacted, the confessions replaced names with words like "this guy," "someone," and "other guys," or with the word "blank," or simply omitted the names without substitution.

A jury convicted Greene of second-degree murder, rob-bery, and conspiracy. He appealed to the Pennsylvania Superior Court, arguing that severance of his trial was demanded by the rule announced in *Bruton* v. *United States*, 391 U. S. 123 (1968), that the Confrontation Clause forbids the prosecution to introduce a nontestifying co-defendant's confession implicating the defendant in the crime. The Pennsylvania Superior Court affirmed the conviction, holding that the redaction had cured any prob-lem under *Bruton*.

Greene filed a petition for allowance of appeal to the Pennsylvania Supreme Court, raising the same *Bruton* claim. While that petition was pending, we held in *Gray* v. *Maryland*, 523 U. S. 185, 195 (1998), that "considered as a class, redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to *Bruton*'s unredacted confessions as to warrant the same legal results." The Pennsylvania Supreme Court granted the petition for allowance of appeal, limited to the question whether admission of the redacted confessions violated Greene's Sixth Amendment rights. After the parties filed merits briefs, however, the Pennsylvania Supreme Court dismissed the appeal as improvidently

granted.

Greene then filed a federal habeas corpus petition in the United States District Court for the Eastern District of Pennsylvania, alleging, *inter alia*, that the introduction of his nontestifying codefendants' statements violated the Confrontation Clause. Adopting the report and recommendation of a Magistrate Judge, the District Court denied the petition. It concluded that since our decision in *Gray* was not "clearly established Federal law" when the Pennsylvania Superior Court adjudicated Greene's Confrontation Clause claim, that court's decision was not "contrary to," or "an unreasonable application of, clearly established Federal law." 28 U. S. C. §2254(d)(1).

A divided panel of the United States Court of Appeals for the Third Circuit affirmed. *Greene* v. *Palakovich*, 606 F. 3d 85 (2010). The majority held that the "clearly established Federal law" referred to in §2254(d)(1) is the law at the time of the state-court adjudication on the merits. *Id.,* at 99. The dissenting judge contended that it is the law at the time the conviction becomes final. *Id.,* at 108. We granted certiorari. 563 U. S. ___ (2011).

## II

Section 2254(d) of Title 28, U. S. C., as amended by AEDPA, provides:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

"(2) resulted in a decision that was based on an un-

reasonable determination of the facts in light of the evidence presented in the State court proceeding."

The issue here pertains to the first exception. We have said that its standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet," because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against extreme malfunctions in the state criminal justice systems,'" and not as a means of error correction. *Harrington* v. *Richter*, 562 U. S. \_\_\_, \_\_\_ (2011) (slip op., at 12–13) (quoting *Jackson* v. *Virginia*, 443 U. S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)).

In light of that objective, and relying upon the text of the provision, we held last Term, in *Cullen* v. *Pinholster*, 563 U. S. \_\_\_ (2011), that review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.,* at \_\_\_ (slip op., at 9). The reasoning of *Cullen* determines the result here. As we explained, §2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions "against this Court's precedents *as of 'the time the state court renders its decision.'" Id.,* at \_\_ (slip op., at 10) (quoting *Lockyer* v. *Andrade*, 538 U. S. 63, 71–72 (2003); emphasis added).

Greene resists that conclusion by appealing to our decision in *Teague* v. *Lane*, 489 U. S. 288 (1989). *Teague* held that, with two exceptions not pertinent here, a prisoner seeking federal habeas relief may rely on new constitutional rules of criminal procedure announced before the prisoner's conviction became final. *Id.,* at 310 (plurality opinion); see also *Penry* v. *Lynaugh*, 492 U. S. 302, 313 (1989) (affirming and applying *Teague* rule). Finality

occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of. *Griffith* v. *Kentucky*, 479 U. S. 314, 321, n. 6 (1987). Greene contends that, because finality marks the temporal cutoff for *Teague* purposes, it must mark the temporal cutoff for "clearly established Federal law" under AEDPA.

The analogy has been rejected by our cases. We have explained that AEDPA did not codify *Teague*, and that "the AEDPA and *Teague* inquiries are distinct." *Horn* v. *Banks*, 536 U. S. 266, 272 (2002) *(per curiam)*. The retroactivity rules that govern federal habeas review on the merits—which include *Teague*—are quite separate from the relitigation bar imposed by AEDPA; neither abrogates or qualifies the other. If §2254(d)(1) was, indeed, pegged to *Teague*, it would authorize relief when a state-court merits adjudication "resulted in a decision that *became* contrary to, or an unreasonable application of, clearly established Federal law, *before the conviction became final*." The statute says no such thing, and we see no reason why *Teague* should alter AEDPA's plain meaning.*

Greene alternatively contends that the relevant "decision" to which the "clearly established Federal law" criterion must be applied is the decision of the state supreme court that disposes of a direct appeal from a defendant's conviction or sentence, even when (as here) that decision does not adjudicate the relevant claim on the merits. This is an implausible reading of §2254(d)(1). The text, we repeat, provides that habeas relief

——————

  *Whether §2254(d)(1) would bar a federal habeas petitioner from relying on a decision that came after the last state-court adjudication on the merits, but fell within one of the exceptions recognized in *Teague*, 489 U. S., at 311, is a question we need not address to resolve this case.

"shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ."   (Emphasis added.)

The words "the adjudication" in the "unless" clause obviously refer back to the "adjudicat[ion] on the merits," and the phrase "resulted in a decision" in the "unless" clause obviously refers to the decision produced *by that same adjudication on the merits.*   A later affirmance of that decision on alternative procedural grounds, for example, would not be a decision *resulting from* the merits adjudication.   And much less would be (what is at issue here) a decision by the state supreme court not to hear the appeal—that is, not to decide at all.

## III

The Third Circuit held, and the parties do not dispute, that the last state-court adjudication on the merits of Greene's Confrontation Clause claim occurred on direct appeal to the Pennsylvania Superior Court.  606 F. 3d, at 92, and n. 1.  The Pennsylvania Superior Court's decision predated our decision in *Gray* by nearly three months. The Third Circuit thus correctly held that *Gray* was not "clearly established Federal law" against which it could measure the Pennsylvania Superior Court's decision.  606 F. 3d, at 99.  The panel then concluded (and the parties do not dispute) that the Pennsylvania Superior Court's decision neither was "contrary to," nor "involved an unreasonable application of," any "clearly established Federal law" that existed at the time.  *Id.,* at 106.  Consequently, §2254(d)(1) bars the federal courts from granting Greene's application for a writ of habeas corpus.

We must observe that Greene's predicament is an unusual one of his own creation.  Before applying for federal

habeas, he missed two opportunities to obtain relief under *Gray:* After the Pennsylvania Supreme Court dismissed his appeal, he did not file a petition for writ of certiorari from this Court, which would almost certainly have produced a remand in light of the intervening *Gray* decision. "Where intervening developments . . . reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, [an order granting the petition, vacating the judgment below, and remanding the case (GVR)] is, we believe, potentially appropriate." *Lawrence* v. *Chater*, 516 U. S. 163, 167 (1996) *(per curiam)*. See, *e.g., Stanbridge* v. *New York*, 395 U. S. 709 (1969) *(per curiam)* (GVR in light of *Bruton*). Nor did Greene assert his *Gray* claim in a petition for state postconviction relief. Having forgone two obvious means of asserting his claim, Greene asks us to provide him relief by interpreting AEDPA in a manner contrary to both its text and our precedents. We decline to do so, and affirm the judgment of the Court of Appeals.

*It is so ordered.*