MERRITT, Circuit Judge,
concurring.
I agree with the court’s opinion affirming the district court in this case on procedural grounds. I would simply add that this case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), see 28 U.S.C. § 2254, which modifies the habeas corpus statute to make more restrictive the rules applicable to habeas petitions. In the recent case of Greene v. Fisher, No. 10-637, 565 U.S. -, 132 S.Ct. 38, 181 L.Ed.2d 336 (2011), the Supreme Court was unanimous. It stated that the AEDPA standard “is difficult to meet, because the purpose of AED-PA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction” (emphasis added). In my opinion, the ruling of the Tennessee Court of Criminal Appeals that the failure of trial counsel to call a psychiatric or similar expert in this case was not prejudicial, does not constitute an “extreme malfunction in the state criminal justice system.” Miles killed Elliott at point blank range. He did so intentionally. It seems highly unlikely that a jury would have found Miles not guilty of murder. There has been no breakdown in the system of criminal justice in this case, even though it may well be possible that in this case, like many others, the defendant could have had better representation.