MERRITT, Circuit Judge,
concurring.
I agree with Judge Boggs’ opinion in the case on the AEDPA problem because in the recent case of Greene v. Fisher, - U.S. -, 132 S.Ct. 38, 181 L.Ed.2d 336 (2011), a unanimous Supreme Court observed that the AEDPA standard “is difficult to meet, because the purpose of AED-PA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction.” (Internal quotation marks omitted.) This interpretation of the AEDPA standard appears to grant much more deference to state decisions when we review them under AEDPA than the earlier interpretation in Williams v. Taylor, which was worded in terms of “unreasonable” interpretation or application and not in terms of reversing only “extreme malfunctions in the state criminal justice systems.” The Supreme Court has itself in the past commented on the obscure nature of the language of AEDPA, Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Court decisions have varied significantly in interpreting this unclear text between greater and lesser deference to state court decisions. The unanimous decision in Greene and other recent cases have now come to an interpretation of AEDPA that gives much greater deference to state court interpretations of the federal constitution.
I also agree with Judge Boggs’ suggestion on the merits of the confrontation *475 question: it is doubtful that a witness who appears in court ready for the defendant’s examination can be said to meet the “unavailable” element of the test under the Sixth Amendment.