**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1187n.06

No. 11-4036

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 20, 2012*
DEBORAH S. HUNT, Clerk

JAMES M. CONLEY,

    Petitioner-Appellant,

v.

WARDEN CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

BEFORE: GILMAN, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

Petitioner James M. Conley seeks habeas relief from his conviction in Ohio state court for aggravated burglary. Conley challenges a witness's in-court identification of him and contends that his prosecutorial-misconduct claims are not procedurally defaulted. The Ohio Court of Appeals concluded that the witness's in-court identification was reliable, and held that because Conley did not object to the alleged misconduct at trial, he waived all but plain error review. Because Conley has failed to establish that the pretrial procedure was unduly suggestive and that the witness's identification was not reliable, his challenge to the identification is without merit. Conley has also failed to establish that his prosecutorial-misconduct claims are not procedurally defaulted, and

cannot show cause and prejudice to excuse the default, or that the failure to consider these claims would produce a miscarriage of justice.

This case arises out of a late-night home invasion. Tom and Sandra Cooper were awakened by their barking dog in the early hours of December 19, 2007, and discovered an intruder in their bathroom. Although they tried to trap the intruder and summon the police, he fought his way out and attempted to flee. Sandra Cooper grabbed hold of the intruder and hit him repeatedly on the head and shoulders with a flashlight before the intruder eventually ran from the house. The police were unable to apprehend the suspect. The next day, Mr. Cooper identified Conley from a photo lineup; Mrs. Cooper did not identify anyone from that lineup, telling investigators that she had only been able to see the suspect in profile during the incident. Conley, who had previously worked for Mr. Cooper, was arrested and charged with aggravated burglary.

At trial, both Mr. and Mrs. Cooper identified Conley as the burglar. Although Mrs. Cooper did not identify Conley at the initial photo lineup, she saw and recognized him at a pretrial hearing. She testified at trial that she had looked into a courtroom and observed Conley standing among a group of twenty people; upon seeing his face in profile, she immediately recognized him as the intruder. The jury found Conley guilty, and the trial court sentenced him to seven years in prison.[1]

Conley appealed to the Ohio Court of Appeals, raising seven assignments of error. Among other things, he challenged the identifications of Mr. and Mrs. Cooper, alleged prosecutorial

---

[1] The preceding facts are summarized in the Ohio Court of Appeals's decision, *State v. Conley*, No. 08CA784, 2009 Ohio 1848, ¶3-¶5 (Ohio Ct. App. Apr. 13, 2009).

misconduct, and claimed that he had received ineffective assistance of trial counsel—though not for his trial counsel's failure to object to the alleged prosecutorial misconduct. The court rejected all of Conley's arguments and affirmed the judgment.

On the identification issue, the Ohio Court of Appeals noted that Conley was not challenging the photo lineup as unduly suggestive. *State v. Conley*, 2009 Ohio 1848, ¶8 (Ohio Ct. App. Apr. 13, 2009). The court declined to second-guess the jury's determination as to the credibility of the identifications, noting that where a pretrial identification procedure is not unduly suggestive, reliability goes to the weight of the evidence, not its admissibility. *Id.* at ¶9. The court rejected Conley's argument that the identification was unreliable as a matter of law. On the prosecutorial misconduct issue, the court held that because Conley did not raise any objection at trial, he waived all but plain error, which the court did not find. *Id.* at ¶27. The court stated "[a]dditionally" that it was not persuaded that the prosecutor's comments constituted misconduct, because the prosecutor did not improperly vouch for the credibility of the identifying witnesses—Mr. and Mrs. Cooper—and did not suggest that Conley was a "liar" in his closing argument. *Id.* at ¶29-30.

Conley petitioned for a writ of habeas corpus in the district court. The magistrate judge recommended denying the petition because Conley's prosecutorial-misconduct claim was procedurally defaulted; the state court's plain-error review of the claim did not constitute a waiver of the state's procedural-default rule, but rather functioned as an enforcement of that rule. R. 19 at 12, PgID # 683. The state court's alternative ruling on the merits did not "forgive" Conley's waiver for purposes of his habeas petition. R. 19 at 13, PgID # 684. Although Conley raised an ineffective-

assistance-of-trial-counsel claim to excuse the default, the magistrate judge found that Conley failed to present his argument—that his trial counsel failed to object to the prosecutor's misconduct—to the state court. Conley was also barred from claiming ineffective assistance of *appellate* counsel as grounds to excuse his default on the ineffective-assistance-of-*trial*-counsel claim because he never attempted to file an Ohio Rule 26(B) application. R. 19 at 14, PgID # 685.

On the identification issue, the magistrate judge commented, "Arguably, because the state appellate court failed to address the federal constitutional nature of Petitioner's claim, this Court must conduct a less deferential standard of review." R. 19 at 17, PgID # 688. Nevertheless, the magistrate judge determined that the pretrial procedure was not unduly suggestive and was reliable under the five-factor test in *Neil v. Biggers*, 409 U.S. 188 (1972). R. 19 at 20, PgId # 691.

The district court adopted the magistrate judge's report and recommendation denying Conley's petition, but certified two issues for appeal: (1) Was Petitioner denied a fair trial by Sandra Cooper's in-court identification of him as the perpetrator?, and (2) Is the prosecutorial misconduct claim procedurally defaulted?

For the reasons below, the district court properly rejected the petitioner's arguments with respect to these issues.

Under 28 U.S.C. § 2254(d) [AEDPA], "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State-court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The Supreme Court has further elaborated that the standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet," because the purpose of AEDPA is to ensure that federal habeas relief functions as a "guard against extreme malfunctions in the state criminal justice systems and not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

Conley's challenge to Mrs. Cooper's identification testimony is without merit; the Ohio Court of Appeals did not act contrary to, or unreasonably apply, clearly established federal law by upholding the identification.

AEDPA deference applies even though the Ohio Court of Appeals did not directly cite federal law in denying relief. The Court of Appeals cited Ohio cases[2] that discuss the federal law standards for evaluating the admissibility of in-court identification evidence. The Supreme Court has made clear that AEDPA deference must still be given to the state court's decision because "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85. In

---

[2] *State v. Wills*, 120 Ohio App. 3d 320 (Ohio Ct. App. 1997); *State v. McCroskey*, No. 2007CA00089, 2008 Ohio 2534 (Ohio Ct. App. May 19, 2008).

*Brown v. Bobby*, we explained that in light of *Harrington*, "the mere fact that the Ohio Court of Appeals did not specifically explain that it was ruling on Brown's Sixth Amendment claim does not prevent this court from deferring to that court's opinion on habeas review." 656 F.3d 325, 328-29 (6th Cir. 2011).

The Ohio Court of Appeals did not unreasonably apply federal law by holding that Conley failed to establish that this pretrial identification was unduly suggestive. The court determined that Conley's argument boiled down to an attack on the weight of the identification evidence, not its admissibility, and therefore declined to second-guess the trial jury's conclusions. An in-court identification based on a pretrial procedure that is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" violates a defendant's due process rights. *Mills v. Cason*, 572 F.3d 246, 251 (6th Cir. 2009) (quoting *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986)). To evaluate suggestiveness, a court must consider "the effects of the circumstances of the pretrial identification." *Howard v. Bouchard*, 405 F.3d 459, 469-70 (6th Cir. 2005). There was an unsuccessful photo lineup plus a later unplanned identification prior to trial. Conley argues that these together produced an unduly suggestive identification.

First, Mrs. Cooper was shown a photo array shortly after the incident, but was unable to identify the perpetrator because she had only viewed him in profile during the incident. Conley cannot establish that the photo array itself was impermissibly suggestive. For an identification to be impermissibly suggestive, it must steer the witness towards one suspect or another, independent of the witness's honest recollection. *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001). In this

case, the photo array obviously did not steer Mrs. Cooper towards Conley, because she was unable to identify Conley after viewing the array.

Second, Mrs. Cooper identified Conley after viewing him at a pretrial hearing. Conley cannot establish that this was impermissibly suggestive, either in itself or because of the prior photo-array procedure. Mrs. Cooper opened a courtroom door during a hearing, looked in, and saw a group of twenty people standing in a corner. As one of those people turned to talk to someone else, she saw his face in profile and "everything flooded back from that night." She had no doubt that the man she saw in the room was the man who had broken into her home. There was nothing impermissibly suggestive about this because the record does not indicate that Mrs. Cooper was steered towards identifying Conley; she did not know anything besides the bare fact that the man suspected of breaking into her home would be among the people in that courtroom—similar to what any eyewitness knows when asked to identify a suspect in a lineup or photo array.

Although Conley expresses skepticism about Mrs. Cooper's account, the jury heard and chose to believe it. On habeas review, the federal courts are in no position to second-guess that determination, especially in light of AEDPA's clear command that "a determination of a factual issue made by a State court shall be presumed to be correct" unless the habeas petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Conley has made no such showing. Conley also conceded at oral argument that the identification at the pretrial hearing would not have been unconstitutionally suggestive without the previous photo array. Conley's attorney noted that but for the photo-array procedure, it "would be like the witness just saw this person out

in public." Oral Argument at 4:08. Conley also argues that the photo array steered Mrs. Cooper towards him at the pretrial hearing. This argument is unpersuasive because he cannot establish that Mrs. Cooper knew from the six-person array what the perpetrator looked like. In addition, Mrs. Cooper identified Conley only when she saw his face in profile, and the photos in the array she was shown were not in profile; it was for that reason she was originally unable to identify the perpetrator from the array. Because it is clear that the photo array did not steer Mrs. Cooper towards Conley, the Ohio court of appeals could reasonably conclude that the pretrial identification was unconstitutionally suggestive.

Conley's second argument on appeal, concerning alleged prosecutorial misconduct, is procedurally defaulted. A federal court generally may not consider any claim for habeas relief that was rejected by the state courts for failure to comply with the state's procedural rules. *Hargrave v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)). A four-step analysis is used to determine whether a habeas petitioner's claim is procedurally defaulted. "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "Second, the court must decide whether the state courts actually enforced the state procedural sanction." *Id.* "Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id.* Finally, even if the first three steps establish procedural default, a habeas petitioner can overcome the default by "demonstrat[ing] cause for the [procedural]

default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *accord Harris*, 489 U.S. at 262. Each of the four steps precludes Conley from relief in this case.

First, the Ohio Court of Appeals determined, and Conley does not contest, that Conley failed to object to the misconduct at trial as required by Ohio's contemporaneous-objection rule. *State v. Conley*, 2009 Ohio 1848, ¶27 (Ohio Ct. App. Apr. 13, 2009). Conley therefore concedes the first step of the *Maupin* test.

Second, the Ohio Court of Appeals did not waive Ohio's procedural-default rule when it conducted plain error review of Conley's prosecutorial-misconduct claim. As we held in *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006), "a state court's plain error analysis does not save a petitioner from procedural default" (citing *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000)). Our decision in *Lundgren* followed a long line of controlling precedent in this regard. *See*, *e.g.*, *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Scott*, *supra*. The Ohio court's alternative ruling on the merits did not remove the procedural default because "a state court need not fear reaching the merits of a federal claim in an alternative holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Coe v. Bell*, 161 F.3d 320, 300 (6th Cir. 1998). The Ohio Court of Appeals found no plain error on the record and held that "*Additionally*, appellant has not persuaded us that the comments actually constitute prosecutorial misconduct." *State v. Conley*, 2009 Ohio 1848, ¶28 (Ohio Ct. App. Apr. 13, 2009) (emphasis added). We do not read language

relied upon by Conley from our subsequently reversed decision in *Mitts v. Bagley*, 620 F.3d 650, 656 (6th Cir. 2010), as altering our long-standing holdings in this regard.

Third, the state procedural rule constituted an adequate and independent ground of decision. Ohio's contemporaneous objection rule has been deemed an adequate and independent state ground in numerous Sixth Circuit decisions. *See*, *e.g.*, *Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011). Moreover, the Supreme Court has indicated that the adequate-and-independent-state-ground doctrine, "[b]y its very definition . . . requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris*, 489 U.S. at 264 n.10. Conley is mistaken in arguing that the contemporaneous-objection rule does not constitute an adequate and independent state ground where, as here, the state court also reached the merits of the federal claim.

Fourth, Conley cannot excuse his procedural default because the ineffective-assistance claims that he raises to establish "cause" are also defaulted, and because he cannot establish prejudice. Conley concedes that he failed to raise his ineffective-assistance-of-trial-counsel claim on direct appeal,[3] and an ineffective assistance claim cannot establish "cause" if it was never considered by the state courts—since under those circumstances it is also procedurally defaulted—unless the

---

[3] Although Conley raised an ineffective-assistance claim on other grounds, he did not address trial counsel's failure to object to the alleged prosecutorial misconduct. Conley admits that it "cannot be explained" why his direct appeal alleged prosecutorial misconduct and acknowledged his trial counsel's failure to object to that misconduct, but did not raise that issue as a basis for claiming ineffective assistance of counsel. *See* Petitioner's Br. at 49.

petitioner can establish cause and prejudice to excuse the default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Conley raises an ineffective-assistance-of-*appellate*-counsel claim to excuse the default of his ineffective-assistance-of-*trial*-counsel claim, but because Conley did not present either claim before the state courts, both are procedurally defaulted and cannot excuse the default of his prosecutorial-misconduct claim. "A claim of ineffective assistance . . . must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Conley also never filed an Ohio Rule of Appellate Procedure 26(B) application—a procedure to reopen a criminal case based on an ineffective-assistance-of-appellate-counsel claim.

In addition, Conley cannot establish prejudice because his prosecutorial-misconduct claim is meritless. As in *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009), "the prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context." Under the *Strickland* standard for ineffective assistance, Conley must show that his counsel's performance (1) was objectively deficient and (2) prejudiced the defense so as to render the trial fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Conley has not established that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," as required by *Strickland*. *Id.* at 694.

The Ohio Court of Appeals considered and rejected Conley's allegations that the prosecutor (1) improperly vouched for the Coopers' credibility, and (2) suggested that Conley lied on the stand. Because the prosecutor merely argued the evidence, his comments did not deprive Conley of a fair trial. Since no misconduct occurred, Conley's ineffective-assistance argument fails because his counsel was under no professional obligation to make meritless objections. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006). Moreover, because no misconduct occurred, defense counsel's failure to object could not have prejudiced the defense or undermined confidence in the outcome of the trial. Conley cannot establish the "prejudice" needed to overcome the procedural default of his misconduct claims.

Finally, Conley has not sufficiently established that he is actually innocent, such that the failure to consider his misconduct claim would result in a fundamental miscarriage of justice. A colorable actual-innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Conley has made no such compelling showing here. He merely claims that after his trial, Mr. Cooper said to a local man named Mathers, who had previously been convicted of breaking and entering and receiving stolen property, "What are you doing here? I thought I put you in jail." Conley suggests an alternative perpetrator for his crime and attempts to cast doubt on Mr. Cooper's identification, but the trial jury already evaluated his identification and deemed it credible.

The district court's denial of Conley's habeas petition is affirmed.