**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS DOUGLAS SCOTT, | No. 11-55250 |
| Petitioner - Appellant, | D.C. No. 5:07-cv-00909-SVW-PJW |
| v. | |
| MULE CREEK STATE PRISON; SUBIA, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 7, 2013
Pasadena, California

Before: CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Thomas Scott appeals the district court's denial of his petition for habeas relief from his California state court convictions for possession of cocaine, robbery, and being a felon in possession of a firearm. The district court issued a certificate of appealability on the issue of whether Scott's Confrontation Clause

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

rights were violated by the introduction of laboratory results without the opportunity to cross-examine the technician who performed the analysis. *See* 28 U.S.C. § 2253(c); U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36 (2004). We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Over Scott's objection, the trial court allowed a forensic analyst to testify about the contents of a laboratory report prepared by an analyst he supervised. The laboratory report indicated that the substance found on Scott contained cocaine consistent with base form, in a usable quantity of .26 grams. On direct appeal, Scott argued that the introduction of this evidence violated his Sixth Amendment Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36 (2004).

Rejecting Scott's Confrontation Clause claim, the California Court of Appeal did not apply *Crawford* in an objectively unreasonable manner, *see* 28 U.S.C. § 2254(d)(1), because *Crawford* did not clearly establish that forensic laboratory reports were testimonial. *See Meras v. Sisto*, 676 F.3d 1184, 1190 (9th Cir. 2012) (holding that the state appellate court's application of *Crawford* was not unreasonable where it concluded that forensic laboratory reports introduced into evidence through the testimony of the analyst's supervisor were non-testimonial

"[i]n light of the extensive, reasoned disagreement between the lower courts . . .

and between the Justices when they reached the issue").[1]

We construe Scott's remaining argument as a motion to expand the

certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R.

22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED**.

---

[1]The California Court of Appeal's decision was issued in 2006, before the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), holding that such reports are testimonial and its later decision that the analyst who prepared the report must testify to avoid a Confrontation Clause violation. *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2715-16 (2011). We are required to examine the last reasoned decision of the state court under the law then established. *See Greene v. Fisher*, 132 S. Ct. 38, 44 (2011); 28 U.S.C. § 2254(d)(1).