[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15517
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-01473-SLB-RRA

BRENT ANDRE PARRIS,

Petitioner-Appellant,


versus


WARDEN, LIMESTONE CORRECTIONAL FACILITY,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 24, 2013)

Before DUBINA, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Brent Andre Parris (Parris) appeals the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. In July 2009, Parris filed a § 2254 petition challenging his state conviction and sentence for attempted murder on twenty-five separate grounds. In one claim, Parris alleged that his Sixth Amendment right to a speedy trial had been violated by the forty month delay between his arrest in April 1997 and conviction in August 2000, resulting in "actual prejudice" to his defense. The district court dismissed Parris' § 2254 petition, and denied his motion for a certificate of appealability (COA). We granted a COA on the sole issue of whether the district court erred in denying Parris' speedy trial claim.

On appeal, Parris asks this court to "independently evaluate" the four prongs of the test outlined by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972) in order to determine whether a speedy trial violation occurred in his case. He maintains that the trial court's docketing system violated his Sixth Amendment rights by giving priority to "jail cases" over "prison cases," and, contrary to the finding of the state court, that the trial court did not operate under a "congested docket" during the pendency of his case. In addition, Parris argues that (1) his theory of self-defense was harmed by the death or unavailability of three witnesses; (2) he was barred from parole eligibility and rehabilitative programs due to the imposition of a detainer throughout the delay; and (3) he was subject to an

2

elevated security level while awaiting trial.  Upon review of the record and consideration of the parties' briefs, we affirm.

## I.    Legal Standards

We review de novo a district court's decision to deny habeas relief. *Jamerson v. Sec'y, Dep't of Corr.*, 410 F.3d 682, 687 (11th Cir. 2005).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a state prisoner habeas relief on a claim that was denied on the merits in state court unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Berghuis v. Thompkins*, ___ U.S. ___, 130 S. Ct. 2250, 2259 (2010) (quoting 28 U.S.C. § 2254(d)).

A state court's decision is "contrary to" federal law if (1) the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) the court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at a different result from that arrived at by the Supreme Court.  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).  A state court unreasonably applies federal law when it (1) correctly identifies the legal rule from Supreme Court precedent but unreasonably applies the rule to the

3

facts of the case, or (2) "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.* The purpose of AEDPA is to ensure that federal habeas relief function as a guard against extreme malfunctions in the state criminal justice systems, but not as a means of error correction. Therefore, the "contrary to" or "unreasonable application of" standard is difficult to meet. *Greene v. Fisher*, __ 565 U.S. __, 132 S. Ct. 38, 43, (2011). Indeed, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Hill v. Humphrey*, 662 F.3d 1335, 1346 (11th Cir. 2011) (en banc) (quotation omitted).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. This right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial. *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). In determining whether the right to a speedy trial was violated, a court should consider: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192.

A delay of one year is considered "presumptively prejudicial," and triggers an inquiry into the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647,

4

652 n.1, 112 S. Ct. 2686, 2691 n.1 (1992).  The Supreme Court explained that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.  While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay."  *Id.* at 655-56, 112 S.  Ct. at 2693.

The burden is on the prosecution to demonstrate the cause of the pre-trial delay.  *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006).  Deliberate attempts to hinder the defense are weighed heavily against the state, whereas negligence or overcrowded courts are weighed less heavily.  *Barker*, 407 U.S. at 531, 92 S. Ct. at  2192.   Legitimate reasons such as a missing witness justify an appropriate delay.  *Id*.  Pretrial delay is often "inevitable and wholly justifiable" because the state may need time to collect witnesses against the accused and oppose his pretrial motions.  *Doggett*, 505 U.S. at 656, 112 S. Ct. at 2693.  If the first three *Barker* factors do not weigh heavily against the government, the defendant generally must demonstrate actual prejudice.  *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003) ("In this circuit, a defendant generally must show actual prejudice unless the first three factors … all weigh heavily against the government.") (quotation omitted).

A defendant can demonstrate actual prejudice by showing oppressive pretrial incarceration, anxiety and concern, or "the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett*, 505 U.S. at 654, 112 S. Ct. at 2692 (citing *Barker*, 407 U.S. at 532, 92 S. Ct. at 2193). Although affirmative proof of particularized prejudice is not essential to every speedy trial claim, *Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985), a defendant trying to prove prejudice from the loss of deceased witnesses' testimony must make more than a general allegation of loss of witnesses. *Doggett*, 505 U.S. at 655, 112 S. Ct. at 2692; *see also United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982) ("When a defendant asserts prejudice because of the loss of evidence, he must show that the loss impaired his ability to provide a meaningful defense.")

## II.    Discussion

In his appeal, Parris does not argue that the state court applied the wrong legal standard or misinterpreted the facts, but rather that it improperly evaluated the *Barker* factors. We find that the district court properly concluded that the state's adjudication of Parris' Sixth Amendment speedy trial claim was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law." *Thompkins*, 130 S. Ct. at 2259 (quoting 28 U.S.C. § 2254(d)).

6

With respect to the first factor, the parties agree that the forty-month delay between Parris' April 1997 arrest and August 2000 trial created a presumption of prejudice. *See Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1. With respect to the third factor, it is clear that Parris asserted his right to a speedy trial.

As to the second *Barker* factor, the reason for the delay, the trial court issued an order in response to the Alabama Court of Appeals' remand order, explaining that during the time this case was pending, the court was operating under a severe backlog of cases. In order to deal with the overcrowded docket and crowded jail system, the trial court gave priority to cases where the defendant was incarcerated due to the pending charge. In January 1999, Parris was tried and convicted of second degree assault and sentenced to ten years in prison. Accordingly, when the trial court continued Parris' attempted murder trial in August 1999, it did not receive the same priority because he was already incarcerated for another conviction. Further, the court explained that Parris' attempted murder case was not tried earlier because of even older cases being tried. The Alabama Court of Appeals adopted the trial court's findings, concluding that there was no evidence of any attempt on the part of the state to delay Parris' trial. *See Parris v. State*, 885 So. 2d 813, 826–30 (Al. Ct. of App. 2001).

Thus, because the trial court concluded that the first three *Barker* factors did not weigh heavily against the state, Parris was required to show that he suffered

actual prejudice due to the delay.  *See Dunn*, 345 F.3d at 1296.  However, the state court found that the unavailability of three potential defense witnesses did not adversely impact Parris' defense.  For example, Parris' counsel asserted that a witness who died in February 1998 would have testified regarding the victim's plan to attack Parris, thereby bolstering Parris' self-defense claim.  However, the trial court already concluded that the victim was the first aggressor.  Furthermore, Parris provided no evidence to show that he would have been considered for parole between his assault conviction in January 1999 and his trial for attempted murder. Finally, Parris could not show that the state court's finding—that the detainer did not impact his eligibility for parole or ability to participate in programs within the prison system—was based on an unreasonable determination of the facts in light of the evidence presented during the evidentiary hearing on his speedy trial claim. After reviewing the record submitted on remand, the state appellate court found that Parris "failed to show actual or presumed prejudice to either his defense or to his person based upon said delay."  *Parris*, 885 So. 2d at 830.

In sum, Parris has not demonstrated that the state court's decision was contrary to or involved an unreasonable application of federal law.  *See Thompkins*, __ U.S. __, 130 S. Ct. at 2259.  Indeed, the Supreme Court has indicated that reasons for delay, such as overcrowded courts, are weighed less heavily against the state.  *Barker*, 407 U.S. at 531, 92 S. Ct. at  2192.  Parris

8

correctly notes that the fact that a defendant is already serving a prison sentence does not eliminate his right to a speedy trial. *See Smith v. Hooey*, 393 U.S. 374, 377 (1979). Here, however, the delay in Parris' trial was primarily caused by a severe backlog of cases and jail congestion, not a categorical denial of his right because he was incarcerated. Further, Parris has not demonstrated actual prejudice. Although Parris disagrees with the state court's balancing of the *Barker* factors, this is insufficient to entitle him to habeas relief. Accordingly, we affirm the dismissal of Parris's § 2254 petition.

**AFFIRMED.**