ALICE M. BATCHELDER, Chief Judge,
concurring in the judgment only.
The lead opinion concludes that Petitioner Harris is not entitled to habeas relief. For the reasons stated in my dissent from the prior panel opinion, I agree. See Harris v. Haeberlin, 526 F.3d 903, 914-21 (6th Cir.2008) (Batchelder, C.J., dissenting). Therefore, I concur in the judgment.
As I explained in that dissent, the prior panel majority was mistaken in its proposition that Batson announces a clearly established law forbidding a state appellate court from considering new Batson evidence. This led to the further mistake, and unprecedented proposition, that upon discovery of new Batson evidence at the appellate stage, a state appellate court must sua sponte remand the case to the state trial court for redetermination in light of that new evidence. And, as the Supreme Court subsequently made clear, the panel majority was also mistaken in ordering the federal district court to conduct a new “reconstructed” Batson hearing, collect new evidence, and decide the Batson claim de novo. See Cullen v. Pinholster, 563 U.S. -, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (“It would be contrary to th[e] purpose [of § 2254(d) ] to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo.”). While the prior panel majority offered a novel interpretation of the law, the Supreme Court in Pinholster announced a clearly established rule: “We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” Id.
Attempting to overcome this prohibition, the lead opinion commits yet another mistake. The lead opinion attempts to distinguish Pinholster because it finds — relying entirely on the record that was before the state court — that the state court “decision” was a misapplication of federal law. With this premise, the lead opinion purports to satisfy § 2254(d)(1), thereby releasing itself from the limitations of both § 2254(d)(1) and Pinholster, and justifying its order of a new evidentiary hearing and a de novo Batson re-determination. Importantly, the lead opinion considers the wrong decision. There are two state court “decisions” at play and the lead opinion here is as mistaken as was the petitioner in the case of Greene v. Fisher:
[Petitioner] Greene alternatively contends that the relevant ‘decision’ to which the ‘clearly established Federal law’ criterion must be applied is the decision of the state supreme court ... even when (as here) that decision does not adjudicate the relevant claim on the merits. This is an implausible reading of § 2254(d)(1). The text, we repeat, provides that habeas relief
‘shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law....’
The words ‘the adjudication’ in the ‘unless’ clause obviously refer back to the ‘adjudication on the merits,’ and the phrase ‘resulted in a decision’ in the ‘unless’ clause obviously refers to the decision produced by that same adjudication on the merits. A later affirmance of that decision on alternative procedur *1065 al grounds, for example, would not be a decision resulting from the merits adjudication.
Greene v. Fisher, 565 U.S. -, 132 S.Ct. 38, 44-45, 181 L.Ed.2d 336 (2011) (certain editorial marks omitted). To repeat: the relevant decision to which the clearly established federal law criterion must be applied obviously refers to the decision produced by the adjudication on the merits.
Here we have two Batson-related questions with associated state-court decisions: one substantive (on the merits), the other procedural (i.e., which court should consider the new evidence in the first instance). The relevant “decision” for the § 2254(d)(1) inquiry is the decision on the substantive question: whether the Kentucky Supreme Court unreasonably applied Batson when it decided that the state prosecutors had not exercised certain peremptory strikes in a racially discriminatory manner. But the lead opinion (like the panel majority before) thinks the relevant § 2254(d)(1) “decision” is the one deciding the procedural question: whether the Kentucky Supreme Court unreasonably applied Batson when it failed to remand the case to the state trial court to reconsider the substantive question in light of the newly discovered videotape evidence.
The lead opinion is mistaken. The procedural decision (not to remand the case) does not adjudicate Harris’s claim on the merits; the merits adjudication is the substantive decision (that the prosecutors had not exercised certain peremptory strikes in a racially discriminatory manner). The lead opinion bases its § 2254(d)(1) determination — and justifies its subsequent holdings — on an ancillary decision that did not adjudicate the relevant claim on the merits.
Because the lead opinion did not satisfy § 2254(d)(1), it did not actually distinguish Pinholster; instead, Pinholster applies, the district court’s evidentiary hearing was improper and should be stricken, and the district court’s “reconstructed” de novo Batson analysis is a nullity. Based on the foregoing, I cannot join any of the lead opinion’s reasoning or holdings. But, as fully explained in my prior dissent, I do agree that Petitioner Harris is not entitled to habeas relief on this claim.
Therefore, I concur in the judgment only.