**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO RAMIREZ-MARENTES, | No. 10-56191 |
| Petitioner - Appellant, | D.C. No. 8:05-cv-00551-GHK-CW |
| v. | |
| STUART RYAN, Acting Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: REINHARDT, FISHER and MURGUIA, Circuit Judges.

Ricardo Ramirez-Marentes appeals the denial of his petition for a writ of

habeas corpus. We granted a certificate of appealability as to "whether the trial

court's admission of appellant's statements violated his rights under the Fifth

Amendment and *Miranda v. Arizona*, 384 U.S. 436 (1966)." We affirm the

thorough and well-reasoned decision of the district court.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The state court's conclusion that Marentes' unwarned statements were voluntary is not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Like the district court, we have reviewed the videotape of the interrogation in question. At a minimum, fairminded jurists could disagree as to whether Marentes' will was overborne by the totality of the circumstances surrounding the giving of his confession. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000); *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993) (identifying potentially relevant circumstances). Although the detectives employed tactics such as appealing to his conscience and minimizing the moral seriousness of the offense, Marentes does not identify how these tactics, separately or taken as a whole, amounted to impermissible police coercion in these circumstances. *See Berghuis v. Thompkins*, 560 U.S. 370, 387 (2010) ("[E]ven where interrogations of greater duration [than three hours] were held to be improper, they were accompanied, as this one was not, by other facts indicating coercion, such as an incapacitated and sedated suspect, sleep and food deprivation, and threats."); *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). The detectives made no impermissible threats or promises of leniency. Marentes

became emotional and upset at times, but he otherwise appeared alert, responsive and coherent throughout his encounter with the detectives, despite his relative youth. *Cf. Doody v. Ryan*, 649 F.3d 986, 1009-13 (9th Cir. 2011) (en banc).

**2.** Even if Marentes was in custody before the detectives provided him with *Miranda* warnings, thus requiring suppression of his pre-*Miranda* statements, he has not demonstrated that the admission of his prewarning statements at trial had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation omitted); *see also Arizona v. Fulminante*, 499 U.S. 279, 309-12 (1991). Although the entire videotaped confession may have had a "devastating effect" on Marentes' defense, *Rice v. Wood*, 77 F.3d 1138, 1142 (9th Cir. 1996) (en banc), his far more damaging statements came after he made a knowing and intelligent waiver of his *Miranda* rights. Those postwarning statements were admissible, and Marentes fails to demonstrate how exclusion of only his prewarning statements would have affected the jury's verdict.

**3.** The state court reasonably applied clearly established federal law in determining that Marentes' postwarning statements were admissible because they were voluntary and not obtained in violation of *Miranda* or its progeny. As the Supreme Court clarified after the district court issued its decision, clearly

3

established federal law encompasses only the holdings of the Supreme Court "*as of 'the time the state court renders its decision.*'" *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011)). Here, *Oregon v. Elstad*, 470 U.S. 298 (1985), is the clearly established law of relevance, because *Missouri v. Seibert*, 542 U.S. 600 (2004), had not yet been decided when the state court issued its decision. *See Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013).

Because all of Marentes' prewarning statements were voluntary and not the product of police coercion (whether or not obtained in violation of *Miranda*), his "postwarning confession [was] admissible unless it was involuntarily made despite the *Miranda* warning." *United States v. Williams*, 435 F.3d 1148, 1153 (9th Cir. 2006). The state court reasonably determined that Marentes' postwarning statements were voluntary based on "the surrounding circumstances and the entire course of police conduct with respect to [Marentes]." *Elstad*, 470 U.S. at 318. After a break, the detectives read Marentes his *Miranda* rights; Marentes indicated that he understood these rights and affirmatively agreed to continue answering the detectives' questions. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986); *Elstad*, 470 U.S. at 318 (holding that a defendant's decision to continue speaking after being informed of his rights is "highly probative" of the voluntariness of his

4

subsequent statements).  Throughout the balance of the interrogation, Marentes remained responsive and conversational with the detectives, who employed similar techniques to those used during the prewarning interrogation.  The state court reasonably determined that these techniques were not unduly coercive and that Marentes' will was not overborne.

**AFFIRMED**.