**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT HAYDEN NESBITT, Jr., | No. 13-15354 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02821-GEB-GGH |
| v. | |
| FRANCISCO JACQUEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted February 9, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Robert Hayden Nesbitt, Jr. appeals the district court's denial of his habeas

petition brought under 28 U.S.C. § 2254. We have jurisdiction pursuant to

28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief is only available if a state court's ruling was "contrary to, or involved an unreasonable application of," Supreme Court law that was "clearly established" at the time the state court adjudicated the claim on the merits. 28 U.S.C. § 2254(d)(1); *Greene v. Fisher*, 132 S.Ct. 38, 43-44 (2011).

The California Court of Appeal's denial of Nesbitt's due process claim was not unreasonable or contrary to federal law. First, Nesbitt's claim that the trial court erred by taking judicial notice of a probation report from his juvenile case file was procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This court has held that California consistently applies its contemporaneous objection rule when a party fails to object to the admission of evidence, making it an independent and adequate state ground. *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011). Second, even if Nesbitt had timely objected, the California Court of Appeal was not unreasonable in determining that he could not establish prejudice because the trial court did not clearly rely on the contents of the report.

We decline to expand the certificate of appealability to encompass Nesbitt's uncertified ineffective assistance of counsel claim because no "substantial showing of the denial of a constitutional right" has been made with respect to this claim. 28

U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).  Given the nature of the charged offenses and the seriousness of his criminal history, Nesbitt cannot demonstrate that any alleged ineffective assistance resulted in prejudice.[1]  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**AFFIRMED.**

---

[1] Appellant's Request for Judicial Notice is DENIED.