[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14614
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00224-LC-EMT


JOHN LEWIS WILLIAMS, JR.,
a.k.a. John John,

                                                          Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 16, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

John Lewis Williams, Jr., a former Florida prisoner currently on probation,

appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This court granted a certificate of appealability on one issue: "[w]hether the district court erred in denying Claim 1 of Williams'[s] amended 28 U.S.C. § 2254 petition," in which Williams asserted that he received an inadequate Miranda[1] warning prior to a police interrogation. On appeal, Williams argues that his Miranda warning was constitutionally insufficient because it did not reasonably convey his right to have an attorney present "during" his interrogation, rather than simply "before" the interrogation.[2] After careful consideration, we affirm the district court's order and deny Williams's habeas petition.

At Williams's trial, the State introduced a recording of an interview between Investigator Herbert Haigh and Williams at the sheriff's office before his arrest. According to the trial transcript, the following exchange took place at the beginning of the interview:

> INVESTIGATOR HAIGH: . . . Let me make sure you understand your rights, John. You do have the right to remain silent. Anything that you say could be used against you in court. You have the right to

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[2] In Ground 1 of his petition, Williams also raised the issue of whether the Miranda warning sufficiently informed him of his right to appointed counsel. Because Williams only mentions that issue in passing on appeal, he may have abandoned it. See Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 n.1 (11th Cir. 2012) (per curiam). In any event, the state court did not unreasonably apply Supreme Court precedent. Reasonable jurists can disagree about whether the warning that an attorney "could be appointed" adequately conveyed Williams' rights under Miranda.

2

have an attorney and have that attorney present before any questioning.  If you cannot afford an attorney, one could be appointed before any questioning.  And if you decide to answer questions now without an attorney, you have the right to stop—

MR. WILLIAMS: I'll answer whatever—

INVESTIGATOR HAIGH: —you have the right to stop at any time. Do you understand the rights?

MR. WILLIAMS: I ain't done nothing wrong.  (Inaudible)

INVESTIGATOR HAIGH: I've got some questions. And again, if I ask a question that you don't want to answer, then you don't — certainly don't have to.  Do you understand that?

MR. WILLIAMS: I'll answer anything you ask me.

Williams argues on appeal that this <u>Miranda</u> warning was deficient because Investigator Haigh said he had a right to an attorney "<u>before</u> any questioning," not <u>during</u> questioning.

We review <u>de novo</u> a district court's denial of a § 2254 petition.  <u>Davis v. Jones</u>, 506 F.3d 1325, 1331 (11th Cir. 2007).  When the state court's findings of fact are not at issue, we may only grant habeas relief on claims adjudicated on the merits in state court if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established federal law if the state court (1) applied a rule that contradicts governing law set forth in prior Supreme Court cases, or (2) confronted a set of facts materially indistinguishable from those in a

prior Supreme Court case and arrived at a different result. Lockyer v. Andrade, 538 U.S. 63, 73, 123 S. Ct. 1166, 1173 (2003). A state court unreasonably applies clearly established federal law when it "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the [petitioner's] case." Id. at 75, 123 S. Ct. at 1174. To be entitled to habeas relief, the petitioner must show that the state court's ruling on the claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Holland v. Florida, 775 F.3d 1294, 1306 (11th Cir. 2014).

Where, as here, a petitioner presents a federal claim to a state court and the state court denies relief without explanation, federal courts may presume that the state court adjudicated the claim on the merits unless there is "any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99, 131 S. Ct. 770, 784–85 (2011). To receive federal habeas relief, the petitioner must show "that there was no reasonable basis for the state court to deny relief." Id. at 98, 131 S. Ct. at 784.

Before police may question someone in custody, they must "clearly inform[]" the person of his or her "right to consult with a lawyer and to have the lawyer with him [or her] during interrogation." Miranda, 384 U.S. at 471, 86 S. Ct. at 1626. No one particular formulation of the Miranda warnings is required.

4

Duckworth v. Eagan, 492 U.S. 195, 202–03, 109 S. Ct. 2875, 2880 (1989).

Instead, reviewing courts determine whether, when viewed as a whole, the

warnings reasonably conveyed the individual's Miranda rights. Id. at 203, 205,

109 S. Ct. at 2880–81.

In Florida v. Powell, 559 U.S. 50, 130 S. Ct. 1195 (2010),[3] the Supreme

Court held that warnings stating that the defendant had "the right to talk to a

lawyer before answering any . . . questions" and "the right to use any of these

rights at any time [he] want[ed] during th[e] interview" complied with Miranda's

requirements. Id. at 54, 62, 130 S. Ct. at 1200, 1204–05. The Court determined

that the warnings reasonably conveyed that the defendant could consult with a

lawyer before answering any questions and that he could exercise that right during

the interrogation. Id. at 62, 130 S. Ct. at 1205. In context, the Court reasoned, the

word "before" simply indicated the time at which the defendant's right to an

attorney became effective. Id. at 63, 130 S. Ct. at 1205. Nothing in the warnings

suggested that the defendant's right to counsel would be restricted after

questioning commenced. Id. Therefore, taken together, these warnings informed

---

[3] Clearly established federal law encompasses the holdings of Supreme Court cases decided as of the date the highest state-court decision reached the merits of Williams's claim. See Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 45 (2011) (holding that a Supreme Court decision issued three months after the last state-court adjudication on the merits was not "clearly established Federal law" for AEDPA purposes (quotation omitted)). Florida v. Powell was decided nearly six months before the Florida appellate court's per curiam affirmance here, so we may consider it in determining whether the Florida state court's decision was contrary to clearly established federal law.

5

the defendant of his right to have an attorney present during the interview.  Id. at 62, 130 S. Ct. at 1205.

Based on this Supreme Court precedent, the district court did not err in denying Williams's § 2554 petition.  The state appellate court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.  Of course, the Court has made clear that "the State must warn the accused prior to such questioning of his right . . . to have counsel, retained or appointed, present during interrogation."  Fare v. Michael C., 442 U.S. 707, 717, 99 S. Ct. 2560, 2568 (1979) (emphasis added).  However, as in Powell, the word "before" here can be reasonably read to indicate the time at which Williams's right to have an attorney present became effective, rather than as a limitation on when he could have an attorney present.  Furthermore, "[n]othing in the words used [by Haigh] indicated that counsel's presence would be restricted after the questioning commenced."  Powell, 559 U.S. at 63, 130 S. Ct. at 1205.

We agree with Williams that the warnings at issue here were less clear than those in Powell because Williams was not told that he could invoke his previously stated rights at any time.  See Powell, 559 U.S. at 54, 130 S. Ct. at 1200.  But although reasonable jurists could disagree with the state court's determination, it was not objectively unreasonable to interpret Haigh's statements as adequately conveying Williams's Miranda rights.  For this reason, federal habeas relief is not

6

appropriate, and we affirm.

**AFFIRMED.**