**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES MOMAH,

          Petitioner-Appellant,

v.

JEFFREY A. UTTECHT, Warden,

          Respondent-Appellee.

No.  16-35499

D.C. No. 2:15-cv-00536-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 5, 2017
Seattle, Washington

Before:  FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

Dr. Charles Momah, a gynecologist, was convicted in a Washington State

court on several counts of raping several of his patients.  Due to the case's pretrial

publicity, the trial court summoned over 100 prospective jurors, and Momah and

the prosecution sought to individually question some potential jurors.  The trial

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court questioned some potential jurors in chambers with only Momah, counsel, and a court reporter present. After the Washington appellate courts denied Momah's appeal and post-conviction petition, Momah filed a habeas petition in the United States District Court for the Western District of Washington. The District Court denied Momah relief, holding that although the closure of voir dire was constitutional error, the Washington Supreme Court's denial of relief was not contrary to, or an unreasonable application of, clearly established Federal law. At Momah's request, the District Court certified this issue for appeal. We affirm.[1]

Momah's habeas petition is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under 28 U.S.C. § 2254(d), habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court" unless the resulting decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the appeal.

2

The certified issue asks whether the Washington Supreme Court's determination that the temporary closure of the court for voir dire did not violate Momah's Sixth Amendment right to a public trial was an unreasonable application of, or contrary to, clearly established Supreme Court precedent. It was not. The Washington Supreme Court denied Momah relief on this claim in October 2009. *State v. Momah*, 167 Wn. 2d 140 (2009). At that time, no clearly established Supreme Court precedent had extended the Sixth Amendment right to a public trial to the voir dire process. Although the Supreme Court had decided *Waller v. Georgia*, 467 U.S. 39 (1984), and *Press Enter. Co. v. Superior Court*, 464 U.S. 501 (1984), neither had held that the Sixth Amendment right to a public trial extended to the voir dire process.

The Washington Supreme Court expressly rejected Momah's state public trial right claim. Citing the guidelines it had drawn from *Waller, see State v. Bone-Club*, 128 Wash. 2d 254, 258–59 (1995), it determined that although it was state constitutional error to have temporarily closed the court for voir dire, Momah had not demonstrated that he was entitled to relief. The Washington Supreme Court also implicitly rejected Momah's Sixth Amendment claim, which is deemed to be an adjudication on the merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013).

3

Momah asserts that in January 2010, the Supreme Court decided *Presley v. Georgia*, 558 U.S. 209 (2010), and that *Presley* firmly established that a defendant's Sixth Amendment right to a public trial extends to voir dire. But *Presley* came too late for Momah as the Supreme Court has held that federal courts must "focu[s] on what a state court knew and did, and to measure state-court decisions against this Court's precedents as of the time the state court renders its decision." *Greene v.* Fisher, 565 U.S. 34, 38 (2011) (quotation marks and citations omitted). The Supreme Court explained that we are to focus on the reasoned decision of the court that adjudicated the defendant's claim on the merits and not on any subsequent summary decisions. *Id*. at 39–40. Accordingly, Momah is not entitled to relief even if the Washington Supreme Court's March 10, 2010 summary denial of reconsideration were inconsistent with *Presley*.[2]

But Momah has not shown that the Washington Supreme Court's decision is contrary to Supreme Court precedent, even after *Presley*. The Washington Supreme Court could reasonably conclude that under Supreme Court precedent, a defendant can waive the public trial right guarantee by failing to object to closure of the voir dire proceeding. *See Peretz v. United States*, 501 U.S. 923, 936–37

---

[2]   We note that the Supreme Court denied Momah's petition for certiorari in October 2010. *Momah v. Washington*, 562 U.S. 837 (2010).

(1991) (citing *Levine v. United States*, 362 U.S. 610, 619 (1960), for the proposition that the "failure to object to closing of courtroom is waiver of right to public trial"). Moreover, *Waller* makes clear that even if closing a trial proceeding violates the public trial right, a new trial on the merits need not be ordered. 467 U.S. at 49. In *Glebe v. Frost*, 135 S. Ct. 429, 430–31 (2014), the Supreme Court, citing its prior opinion in *Neder v. United States*, 527 U.S. 1 (1999), suggested that only errors that infect the entire trial process and necessarily render the trial fundamentally unfair require automatic reversal. The temporary closure in this case does not meet this standard. Also, in *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012), we suggested that some exclusions of the public from a judicial proceeding may be "too trivial a closure to violate the Sixth Amendment." Finally, we note that one of the issues at least tangentially before the Supreme Court in *Weaver v. Massachusetts*, No. 16-420, concerns the exclusion of individuals during voir dire because of lack of space. Thus, Momah has not shown that the Washington Supreme Court's denial of relief to Momah, based on the temporary closure of voir dire, was contrary to clearly established Federal law.

As permitted by Ninth Circuit Rule 22-1(e), Momah's brief included an argument that he was denied effective assistance of counsel by his trial attorney's failure to call certain witnesses and to explore certain defenses. We treat this

briefing as a motion to expand the certificate of appealability. Ninth Circuit Rule 22-1(e). The standard for the issuance of a certificate is that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Momah has not shown that jurists of reason could disagree with the district court's determination that the Washington Court of Appeals did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), or that the Washington Court of Appeal's consideration of his ineffective assistance of counsel claim, *In re Momah*, 179 Wn. App. 1001 (2014), deserves encouragement. The request for a further certificate of appealability is denied.

The district court's denial of relief is **AFFIRMED**.