NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO A. CADAVID, | No. 10-56796 |
| Petitioner-Appellant, | D.C. No. 2:04-cv-00289-JVS-AJW |
| v. | |
| CONNIE GIPSON, Warden, Acting Warden of California State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Before: O'SCANNLAIN and PAEZ, Circuit Judges, and SIMON,** District Judge.

Sergio Cadavid appeals the district court's denial of his habeas petition.

Cadavid was convicted in California state court of residential burglary and

attempted robbery. His petition asserts claims for ineffective assistance of counsel

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

and a violation of his right to a public trial. Although he did not raise the issue in his habeas petition, he also argues that his waiver of his right to a jury trial was not knowing and intelligent. We have jurisdiction under 28 U.S.C. § 2253(a). We review de novo the district court's denial of the petition. *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we must deny habeas relief unless the petitioner shows that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (quoting 28 U.S.C. § 2254(d)(1)–(2)). For the reasons explained below, we affirm.

1.      Cadavid contends he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel—Brenda Vargas—failed to investigate and present evidence regarding his mental defense. In particular, he challenges Vargas's failure to obtain, or to provide his defense expert with, Cadavid's medical records from his treatment at St. Francis Hospital immediately following his arrest. But even assuming Vargas's deficient performance, Cadavid has not shown "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 695

2

(1984)).

Cadavid first argues the St. Francis records would have supported his mental defense that he experienced a seizure during or before the crime and thus did not form the necessary intent. The records indicate that Cadavid likely experienced a seizure at the hospital about an hour after the crime. While these records show Cadavid was more likely to suffer a seizure around that time, they do not show he had a seizure during or before the crime.

The evidence at trial undermined Cadavid's assertion that he was in a post-seizure confused state at the time of the crime. Three victims testified about repeated instances of Cadavid's volitional and goal-oriented actions and comments during the incident. Cadavid's expert at trial (Dr. Robert Brook) and his expert at the federal court evidentiary hearing (Dr. Bijan Zardouz) both explained that such goal-oriented behavior is inconsistent with a seizure or post-seizure state. Critically, in light of this evidence, Dr. Zardouz—*who reviewed the St. Francis records*—concluded that Cadavid was not in a post-seizure state at the time of the crime. On the basis of this evidence, it is not reasonably probable that a jury would find, contrary to Cadavid's own expert, that Cadavid had suffered a seizure before the crime.

Cadavid next argues that the medical records would have supported an alternative defense that he was voluntarily intoxicated. The St. Francis records

3

showed Cadavid with a blood alcohol concentration (BAC) of 0.215% about an hour after the crime, and that he also tested positive for opiates and cannabinoids. But Cadavid did not offer any evidence or expert testimony regarding his BAC at the time of the crime, which may have been significantly lower. *See, e.g.*, *McLean v. Moran*, 963 F.2d 1306, 1307 (9th Cir. 1992) (explaining that, although McLean had a BAC of 0.16% thirty to forty-five minutes after being pulled over, it was possible McLean's BAC was less than 0.10% while driving). Dr. Zardouz concluded only that Cadavid was "drunk" at the time of the incident. And again, there was ample trial testimony from multiple witnesses regarding Cadavid's volitional conduct that would have significantly undermined a voluntary intoxication defense. As a result, even if counsel had raised a voluntary intoxication defense, it is not reasonably likely a factfinder would have had a reasonable doubt regarding Cadavid's intent.

In sum, Cadavid has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Crace v. Herzog*, 798 F.3d 840, 846 (9th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). Accordingly, the California Supreme Court's denial of Cadavid's petition was not contrary to or an unreasonable application of controlling federal law. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**2.** Cadavid next argues that his Sixth Amendment right to a public trial

4

was violated when, on the second day of trial, the court moved proceedings to the elderly victim's apartment without making any findings on the record regarding the need for the relocation. But a defendant can waive his right to a public trial by failing to object to the trial's closure. *See Peretz v. United States*, 501 U.S. 923, 936–37 (1991); *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006); *see also Momah v. Uttecht*, 699 F. App'x 604, 607 (9th Cir.), *cert. denied*, 138 S. Ct. 524 (2017). Here, Cadavid did not object when the court decided to take the victim's testimony at her apartment or when the court commenced proceedings there. Accordingly, even assuming the proceedings at the victim's home constituted a closure of the trial, an issue we do not decide, Cadavid waived his right.

3. Finally, Cadavid argues that his waiver of his Sixth Amendment right to a jury trial was not knowing and intelligent because he relied on the trial judge's fraudulent misrepresentation that the judge had a degree in psychology. As the district court noted, however, Cadavid did not raise the issue in his habeas petition. Instead, Cadavid raised the issue for the first time nearly six years after filing his petition and only after the district court ordered a supplemental brief to "list" the claims he would continue to pursue. We decline to consider an issue that Cadavid did not properly raise before the district court and which the district court did not address. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

AFFIRMED.