**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3156
_____

ROY L. RAMBO


v.


ADMINISTRATOR EAST JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY,
                                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-14-cv-00874)
District Judge: Hon. Michael A. Shipp
_____

Argued on March 14, 2018

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*.

(Opinion filed: January 30, 2019)

Richard T. Burke
Kelly A. Shelton      [Argued]
Warren County Prosecutor's Office
413 Second Street
Belvidere, New Jersey 07823
          *Counsel for Appellants*

Richard Coughlin      [Argued]
Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102
          *Counsel for Appellee*

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

The State of New Jersey appeals the District Court's grant of habeas relief to Roy

Rambo, who was convicted of the first degree murder of his wife. The court granted

Rambo relief based upon his claim that his murder conviction was obtained in violation

of his Sixth Amendment right to hire defense counsel of his own choosing. For the

reasons that follow, we will reverse.[1]

### I.      Factual Background and Procedural Posture

The background of this appeal is as tragic as it is unique. It involves not only

Rambo's criminal conviction for murdering his wife, but litigation in New Jersey

Chancery Court arising out of a dispute over marital assets, Rambo's individual assets,

and application of New Jersey's Slayer Act.[2] However, inasmuch as we are writing only

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court has jurisdiction over habeas petitions under 28 U.S.C. §§ 2241 and 2254. This Court has jurisdiction over appeals of habeas petitions under 28 U.S.C. §§ 1291 and 2253.

[2] At the time of Rambo's trial and conviction the relevant provisions of the New Jersey Slayer Act were codified at N.J.S.A. 3B:7-1 (1982) (repealed 2004) (current version at N.J.S.A. 3B:7-1.l), and N.J.S.A. 3B:7-6 (1982) (amended 2004). N.J.S.A. 3B:7-1 provided:

> A surviving spouse . . . who criminally and intentionally kills the decedent is not entitled to any benefits under a testate or intestate estate and the estate of decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.

for the parties who are familiar with the intricate procedural history of this case, we need only note that the New Jersey Chancery Court froze all of Rambo's individual assets as well as his interest in the marital estate in response to a petition that was filed by Rambo's son in his capacity as administrator of his late mother's estate.

Although Rambo was a dentist with considerable assets of his own, the Chancery Court's action prevented him from accessing any of his own assets to retain a lawyer of his own choosing to represent him in the criminal prosecution. Rather than accept appointed counsel that was offered by the trial judge in the murder case, Rambo reluctantly chose to proceed *pro se* in that prosecution. He was convicted of the first degree murder of his wife and sentenced to 40 years' imprisonment.

After his criminal appeals were denied, Rambo filed a habeas petition in District Court alleging that his murder conviction must be vacated because he was denied his Sixth Amendment right to choice of counsel. The District Court agreed and granted habeas relief.[3] It reasoned that the Chancery Court erred in freezing assets that Rambo owned outside of the marital estate. Since those assets amounted to almost $300,000, the District Court reasoned that Rambo could have hired counsel of his own choosing.[4] The District Court therefore concluded that the "choice" offered by the New Jersey Superior

---

And N.J.S.A. 3B:7-6 provided: "A final judgment of conviction of intentional killing is conclusive for purposes of this chapter. In the absence of a conviction of intentional killing the court may determine by a preponderance of evidence whether the killing was intentional for purposes of this chapter."

[3] *See Rambo v. Nogan*, No. CV 14-874 (MAS), 2017 WL 3835670, at *14 (D.N.J. Sept. 1, 2017).

[4] *Id*. at *12, *14.

3

Court of proceeding *pro se* or accepting appointed counsel violated Rambo's Sixth

Amendment right to counsel and Rambo was entitled to a new trial because his murder

conviction was obtained in violation of his constitutional rights.[5]  The appeals that

proceeded in state court included an appeal of the Chancery Court's freezing of all of

Rambo's assets as well as a direct appeal of his murder conviction and post-conviction

relief proceedings.  After Rambo's criminal appeals were denied, he filed the petition for

habeas relief, which the District Court granted and which the State of New Jersey is

appealing.

## II.    Discussion

A habeas petitioner may obtain relief under 28 U.S.C. § 2254 if s/he "is in custody

in violation of the Constitution or laws of the United States."[6]  The parties disagree about

whether our review of the state court decisions to freeze Rambo's assets is *de novo* or

whether we are restrained by the deference provided by the Antiterrorism and Effective

Death Penalty Act ("AEDPA").[7]  Under AEDPA, a federal court can only provide habeas

relief if the state court ruling "resulted in a decision that was contrary to," or "involved an

unreasonable application of," clearly established federal law, as determined by the

Supreme Court.[8]  This deferential standard is appropriate when the state courts decide the

underlying federal claim on the merits.  Where "the state court has not reached the merits

---

[5] *Id*. at *14.
[6] 28 U.S.C. § 2254(a).
[7] 28 U.S.C. § 2244 *et. seq*.
[8] 28 U.S.C. § 2254(d).

4

of a claim . . . presented to a federal habeas court," deferential review under AEDPA is not appropriate; instead, "we must conduct a *de novo* review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA."[9]

The New Jersey Appellate Division concluded that Rambo's "argument[] . . . attacking the Chancery Division's decision as a denial of his right to counsel under the Sixth Amendment . . . lack[ed] sufficient merit to warrant a discussion in a written opinion."[10]  Rambo argues that this was not an adjudication on the merits.  However, the Supreme Court has explained, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits."[11]  In "instances in which a state court . . . simply regard[s] a claim as too insubstantial to merit discussion," the same rebuttable presumption that the claim was adjudicated on the merits applies.[12]  Under the "look through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[13]  Nothing on this record rebuts that presumption.  Accordingly, we must presume that the Appellate Division's rejection of Rambo's Sixth Amendment claim rests

---

[9] *Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009), *as corrected* (July 15, 2009).
[10] *In re Estate of Rambo*, No. A-5308-09T2, 2012 WL 1969954, at *4 (N.J. Super. Ct. App. Div. June 4, 2012).
[11] *Harrington v. Richter*, 562 U.S. 86, 99 (2011).
[12] *Johnson v. Williams*, 568 U.S. 289, 299 (2013).
[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

upon the same grounds as the Chancery Court's and afford that ruling AEDPA deference.[14] When a District Court adjudicates a § 2254 petition, the relevant Supreme Court precedent is the law at the time the state court renders its decision.[15]

Here, the District Court based its conclusion that Rambo was entitled to relief on three Supreme Court decisions: *Caplin & Drysdale, Chartered v. United States*,[16] *United States v. Monsanto*,[17] and *Luis v. United States*.[18] However, since *Caplin* and *Monsanto* were the only cases that had been decided before Rambo was convicted, only those decisions are relevant here.[19]

In *Caplin*, the Court had to determine whether a federal statute that authorized pre-trial forfeiture of property acquired as a result of drug trafficking with no exemption for property that could be used to pay defense counsel violated the Sixth Amendment.[20]

---

[14] *See Rambo v. Nogan*, 2017 WL 3835670, at *3 ("[A]lthough there is a Sixth Amendment right, that right is not . . . a[n] absolute right. Obviously the [Petitioner] will have . . . an opportunity to have counsel, whether it's a counsel that he pays for or whether [it is] counsel that is provided to him. . . . In the circumstances of this case[,] I conclude that the funds from the sale of the . . . farm are to be held in trust and are not available to [Petitioner] for purposes of his defense in the criminal matter.") (quoting Chancery Court Judge Kumpf).

[15] *See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("State-court decisions are measured against this Court's precedents as of the time the state court renders its decision.") (internal quotations omitted).

[16] 491 U.S. 617 (1989).

[17] 491 U.S. 600 (1989).

[18] 136 S. Ct. 1083 (2016).

[19] *See Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citing *Cullen*, 563 U.S. at 182) ("As we explained, § 2254(d)(1) requires federal courts to 'focu[s] on what a state court knew and did,' and to measure state-court decisions against this Court's precedents as of '*the time the state court renders its decision*.'") (internal quotation marks omitted).

[20] *Caplin*, 491 U.S. at 619.

6

The Court concluded that the Sixth Amendment right to counsel was limited, circumscribed by the defendant's ability to pay: "A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney even if those funds are the only way that that defendant will be able to retain the attorney of his choice."[21]

The Court did not have any reason to address whether a separate contemporaneous civil court order freezing a defendant's untainted assets, and thereby precluding him from being able to afford counsel of his choosing, violated the Sixth Amendment right to counsel.

Similarly, in *Monsanto* the Court granted the Government's request to freeze certain assets that the Government alleged the defendant had acquired as a result of a criminal enterprise.[22] In rejecting the Sixth Amendment claim, the Court explained that upon commission of the crime, the forfeiture statute "vest[ed] . . . all right, title and interest" in the subject property "in the United States."[23] The Court refused to permit "a defendant . . . use [of] assets for his private purposes that, under this provision, will become the property of the United States if a conviction occurs."[24] The Court thus held that "the Government may—without offending the Fifth or Sixth Amendment—obtain forfeiture of property that a defendant might have wished to use to pay his attorney."[25]

---

[21] *Id.* at 626.
[22] *Monsanto*, 491 U.S. at 602.
[23] *Id.* at 613.
[24] *Id.*
[25] *Id.* at 616.

Here, the District Court reasoned that Rambo's interest in the disputed assets should not have been restrained before he was convicted of murder because he still enjoyed the presumption of innocence.[26] Accordingly, the District Court believed that the state court had erred in restraining him from accessing any portion of the marital assets (or his individual assets) to retain counsel of his own choice.[27]

Rambo's purported Sixth Amendment right, however, is different than the right at issue in *Caplin* and in *Monsanto*. Rambo's claim had nothing to do with an interest in property that was subject to Governmental seizure because of its nexus to alleged illegal activity. The issue here – whether the state court's freezing of an individual's assets under a slayer statute could violate the Sixth Amendment right to choice of counsel – had not been addressed by the Supreme Court when the District Court granted relief.

The District Court also relied on *Luis*, but because *Luis* was decided nearly seven years after the state court rendered its decision under review, it was irrelevant under AEDPA.[28] AEDPA "does not require state courts to *extend* . . . precedent or license federal courts to treat the failure to do so as error."[29]

---

[26] *Rambo v. Nogan*, 2017 WL 3835670, at *13.
[27] *Id*. ("[A]bsent a determination as to whether any portion of the marital assets was untainted, Petitioner was improperly precluded from accessing his untainted portion of the marital assets prior to his conviction.").
[28] *Cullen*, 563 U.S. at 182 ("State-court decisions are measured against this Court's precedents as of the time the state court renders its decision.").
[29] *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (emphasis in original).

### III. Conclusion

For the reasons set forth above, we will vacate the District Court's grant of habeas relief and remand for that court to consider other potentially meritorious arguments (if any) that Rambo may have raised in his petition.[30]

---

[30] In his habeas petition, Rambo alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights, and rights guaranteed under the New Jersey State Constitution. He claimed also, among other things, that the Slayer Statute is invalid and unconstitutional, the Chancery Court misconstrued the Slayer Statute, that his waiver of counsel was not valid, that the trial court erred in refusing to charge passion/provocation manslaughter as a lesser included offense, and ineffective assistance of his initial court-appointed counsel.