**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD DEMETRIUS THOMAS, | No. 18-15277 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-05783-JD |
| v. | |
| WILLIAM MUNIZ, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 15, 2020**
San Francisco, California

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District Judge.

Petitioner Ronald Demetrius Thomas was convicted at jury trial for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

committing second-degree murder.  He was sentenced to prison for 40 years to life. Prior to sentencing, the trial court denied Thomas' motion for new trial based on ineffectiveness of counsel. In subsequent appeals, the California Court of Appeal (CCA) and the California Supreme Court rejected Thomas' claims that trial counsel rendered ineffective assistance.  This appeal stems from the district court's denial of petitioner's motion for *habeas corpus* relief under 28 U.S.C. § 2254.

Petitioner argues the CCA applied the wrong standard of review to determine whether trial counsel's conduct prejudiced petitioner. However, the state appellate court referenced the correct standards under *Strickland v. Washington,* 466 U.S. 668 (1984).  The Supreme Court has made it clear that we review the state court's ineffective assistance of counsel determination deferentially under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). Thus, we review the district court's decision to grant or deny *habeas* relief *de novo*, and the state court opinion or decision is viewed pursuant to a *highly deferential* standard that gives the state court the "benefit of the doubt." *Id.* at 24. Federal habeas relief is available if the state court's ruling was "contrary to, or involved an unreasonable application of," Supreme Court law that was "clearly established" at the time the state court adjudicated the claim on the merits. 28 U.S.C. § 2254(d)(1); *Greene v. Fisher*, 565 U.S. 34, 38 (2011).

Petitioner contends that the CCA erred when it failed to find ineffective assistance and *Strickland* prejudice from trial counsel's opening statements.[1] The CCA reasoned that an attorney may have a "valid tactical reason for changing strategy during trial" and concluded that it was not necessary to determine whether counsel's actions "fell beyond the range of reasonable trial tactics because any error in making the opening statement was harmless." The court found ample evidence to establish petitioner's guilt, such that a different outcome would not have resulted absent counsel's error. Specifically, the CCA called attention to the fact that petitioner had been identified by a witness who knew and maintained prior contact with him, Z.T., and that her testimony was credible and corroborated by P.L., another witness who previously met petitioner with Z.T. Further, cell-phone records placed petitioner within the same area of the crime on the date and time in question and established that petitioner called Z.T., one of the eye witnesses, during that same time. The lower courts found no promise of an alibi was made and, thusly, no prejudice. *Cf. Saesee v. McDonald*, 725 F.3d 1045, 1049–50 (9th Cir. 2013). Contrary to petitioner's belief, the CCA opinion sufficiently delved into federal

---

[1] Thomas' counsel told the jury, "[The prosecutors] have to prove to you that [petitioner] was present at the scene, not in or about the area of the scene. . . That's not going to pan out in this evidence . . . [T]he prosecution will not be able to show that it was [petitioner] because he was elsewhere. He was not at the scene of the crime. That's what the evidence will show." *People v. Thomas*, 2014 WL 3366567, at *5 (Cal. Ct. App. July 10, 2014).

precedent regarding prejudice. Its decision was not objectively unreasonable or contrary to law. The cases cited by petitioner are unpersuasive when scrutinized against the facts of this case.

Petitioner also argues trial counsel's decision to call a character witness prejudiced him by bringing out his prior bad acts upon cross-examination by the prosecution. The state courts characterized that decision as tactical, and observed that the witness "humanized" petitioner. The trial court stated positive things resulted from the decision and the testimony "indicat[ed] that [petitioner] was always respectful, and that he was a good kid, [and that] he was mild mannered." The CCA observed that the fact that "the jury was instructed the attorneys' remarks during opening statement and closing argument were not evidence" militated in favor of finding the decision to place the character witness on the stand not ineffective assistance of counsel. We do not fault the district court's observation that without the character witness testimony, it is feasible that the jury would have elected to find petitioner guilty of the higher charge of first-degree murder, rather than the lesser offense of second-degree murder. Moreover, the state court reasonably determined that even if trial counsel's decision was deficient, it did not result in prejudice to petitioner because of the overwhelming evidence condemning him.

The standard for granting *habeas* relief for ineffective assistance of counsel is not whether trial counsel's actions were reasonable, rather it is "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The state courts' rulings are reasonable applications of controlling precedent.

**AFFIRMED.**