**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DOUGLAS EDWARD IVEY,

Petitioner - Appellant,

v.

TERRY TUGGLE, Warden,

Respondent - Appellee.

No. 25-7049
(D.C. No. 6:23-CV-00285-JFH-JAR)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Douglas Ivey is incarcerated at the Oklahoma Department of Corrections (ODOC) after he was convicted for several child pornography offenses. He sought habeas relief under 28 U.S.C. § 2241, arguing that Oklahoma law barring certain people from the benefit of earned credits does not apply to him and so he is entitled to release. Ivey now appeals the

---

\* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

district court's order dismissing his petition and denying a certificate of appealability.

Because he proceeds pro se, we construe his arguments liberally, but we cannot act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Ivey is unable to point us to anything in the record that entitles him to the benefit of earned credits as a matter of federal law, so no habeas relief is available to him, and we deny his request for a certificate of appealability.

# I

In 2003, Ivey was convicted in Oklahoma state court of twenty child pornography offenses under Oklahoma law – specifically, felony possession of child pornography under title 21, section 1201.2 of the Oklahoma Statutes. He was sentenced to thirty years' imprisonment as to each count, running concurrently. Under Oklahoma law, people convicted of certain enumerated offenses must serve at least 85% of their term of incarceration before they can be considered eligible for parole or earned credits that would reduce the length of their sentence. Okla. Stat. tit. 21 § 12.1. The crime for which Ivey was convicted and is currently incarcerated is an offense subject to this 85% rule. Okla. Stat. tit. 21 § 13.1. Therefore, under Oklahoma law, Ivey is not eligible for parole or earned credits that might reduce his

2

sentence until he has served 85% of his thirty-year sentence – not until at least 2028.

Ivey's state criminal docket reflects three separate judgments.[1] His first judgment was filed in 2003. According to the publicly available docket, a first amended judgment was filed in 2006. And on August 3, 2009, the current second amended judgment was filed, which is the one at issue here.

This judgment imposes the same sentence on Ivey as his original judgment: a term of thirty years of imprisonment to run concurrently. However, it differs from the original judgment in two respects. First, Ivey is adjudged guilty of felony child pornography possession under title 21, section 1021.1 of the Oklahoma Statutes, not section 1021.2. While section 1021.2 sets forth the offense of possession of child sexual abuse material, section 1021.1 does not prescribe a crime at all. And second, the current judgment explicitly provides that Ivey is to receive credit for time served in a separate criminal case.

---

[1] Like the district court, we "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). Ivey's state court docket for his Okmulgee County court proceeding is publicly available on the Oklahoma State Court Network at case number CF-2001-00096. https://perma.cc/WA3M-8YX2 (last visited Sept. 24, 2025).

Sometime during Ivey's incarceration, ODOC altered its internal administrative designation of Ivey's crime of conviction. Instead of either section 1021.1 or section 1021.2, ODOC designated Ivey as convicted under title 21, section 1024.1 of the Oklahoma Statutes, a definitions section. Okla. Stat. tit. 21 § 1024.1. According to ODOC's response to Ivey's administrative grievance, the reason for this designation is that Ivey's actual statute of conviction is old and ODOC needed to reclassify his crime of conviction to ensure that his sentence reflects the application of the 85% rule.

In April 2020, Ivey sought habeas relief under 28 U.S.C. § 2241 in the Eastern District of Oklahoma. He argued that ODOC's reclassification of his crime of conviction unlawfully extended his sentence by denying him the benefit of earned credits. Oklahoma moved to dismiss Ivey's § 2241 petition by arguing that at all relevant times, Ivey's crime of conviction was and is subject to the 85% rule. The district court granted Oklahoma's motion to dismiss and denied Ivey a certificate of appealability. Ivey now seeks a certificate to appeal the district court's dismissal of his petition.

## II

Under 28 U.S.C. § 2253(c)(1), a § 2241 petitioner must have a certificate of appealability to appeal. *Montez v. McKinna*, 208 F.3d 862, 867-69 (10th Cir. 2000). A certificate may issue "only if the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ivey "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." *Montez*, 208 F.3d at 869. Ivey has not met this burden, and so we are compelled to deny his application for a certificate.

Before this Court, Ivey argues that his detention is unlawful because Oklahoma state law does not authorize an executive agency like ODOC to modify criminal sentences and continue to incarcerate Ivey pursuant to a statute under which he was neither charged, convicted, nor sentenced. Thus, he argues ODOC is violating his state constitutional rights. Op. Br. at 4–5. Ivey did not present this argument to the district court. He has therefore forfeited any right to appellate review and relief on this basis. *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015). Even if we did reach his argument, however, we would be compelled to reject it.

To begin with, Ivey's claims are not cognizable under § 2241. Ivey argues that redesignating his crime of conviction for internal, administrative purposes is an inherently judicial function. Op. Br. at 4–5. Under Oklahoma constitutional law, he continues, ODOC is not authorized to exercise this inherently judicial function. *Id.*

5

But federal habeas relief is available for claims that one "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is not available for claims that one is in custody in violation of the constitution or laws of a state. State law claims are therefore not a basis upon which federal habeas relief can be granted. *Montez*, 208 F.3d at 865.

Liberally construing Ivey's claim that ODOC's actions violate his "rights" as a claim that ODOC has violated his *federal* rights, we are still constrained to deny Ivey's application for a certificate. It's true that, as the district court noted, Ivey's state court proceedings bear unusual signs of error. His operative judgment adjudges him guilty under a statute for which he was not charged and which defines no offense. It describes itself as vacating Ivey's first amended judgment entered in 2003, but the publicly available docket lists the first amended judgment as being filed in 2006. And the word judgment is spelled inconsistently across the three orders on the publicly available docket. But Ivey fails to explain why any such errors merit federal habeas relief.

Filling in the gaps of Ivey's request for appellate relief, the judgment's alteration of Ivey's crime of conviction (from enumerated section 1021.2 to unenumerated section 1021.1), as well as its order that Ivey shall receive earned credits for time served, might suggest that Ivey ought to be relieved

from the application of the 85% rule. But the former aspect of the judgment is inexplicable as anything other than a scrivener's error,[2] which would be consistent with the other errors that pockmark the docket. And the latter aspect of the judgment is consistent with application of the 85% rule: once, but not before, Ivey has served 85% of his sentence, he will be entitled to the benefit of parole consideration and earned credits for time served. Our review of the record on appeal discloses nothing that would support his request for relief from the application of the 85% rule.

Although a person's eligibility to earn credits and thereby reduce the length of their sentence can implicate constitutional interests, *see, e.g.*, *Smith v. Scott*, 223 F.3d 1191, 1194 (10th Cir. 2000), we can find no authority for the proposition that it offends federal law for ODOC to reclassify a person's crime of conviction for purely administrative purposes. Nor can we find any authority to relieve Ivey from the application of the 85% rule, even if its application to him was erroneous as a matter of state law. To the contrary, "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a

---

[2] An error that, had Oklahoma wanted to avoid any future ambiguities, could presumably have been corrected by a simple motion in state court for a third amended judgment that accurately reflects Ivey's crime of conviction.

means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (internal quotations and citations omitted).

### III

Ivey's motion to proceed in forma pauperis is granted. Ivey has not shown, however, that his claims are deserving of further proceedings on appeal, would come to a different result on appeal, or that the issues he raises could reasonably be debated by jurists of reason. His request for a certificate of appealability must therefore be denied, and his APPEAL DISMISSED.

Entered for the Court

Richard E.N. Federico
Circuit Judge

8